UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                     :

                   Plaintiff,                     :          99 Civ. 9940 (LAP)

                           :

               -v.-                     :

*PORTRAIT OF WALLY*,
A PAINTING BY EGON SCHIELE,                   :

                 Defendant *in Rem*.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW OF PLAINTIFF UNITED STATES OF AMERICA AND
CLAIMANT ESTATE OF LEA BONDI JARAY IN OPPOSITION TO CLAIMANT
LEOPOLD MUSEUM'S MOTION FOR RECONSIDERATION OR RE-ARGUMENT**

**PREET BHARARA**
**United States Attorney for the**
**Southern District of New York**
**Attorney for the United States of America**

**One St. Andrew's Plaza**
**New York, New York 10007**
**(212) 637-1060/1048/2218**
**Fax (212) 637-0421**

**SHARON COHEN LEVIN**
**BARBARA A. WARD**
**ANNA E. ARREOLA**
**Assistant United States Attorneys**

**HERRICK, FEINSTEIN LLP**

**2 Park Avenue**
**New York, New York 10019**
**(212) 592-1400**
**Fax (212) 592-1500**

**HOWARD N. SPIEGLER**
**MARI-CLAUDIA JIMÉNEZ**
**Attorneys for Claimant Estate of Lea**
**Bondi Jaray**

The Government and the Estate of Lea Bondi Jaray respectfully submit this memorandum of law in opposition to the Leopold Museum's motion for reconsideration or re-argument of the Court's Opinion and Order dated September 30, 2009 (the "2009 Opinion").

The Leopold Museum's motion, which is made pursuant to Local Civil Rule 6.3, should be denied because it does not meet the strict standard for reconsideration. As explained below, the Leopold Museum points to no controlling decisions of law or factual matters that the Court failed to consider in its detailed, 110-page decision or during the 3-hour oral argument held on September 21, 2009.

## DISCUSSION

I.    **Standard of Review**

Motions for reconsideration in the Southern District of New York are governed by Local Civil Rule 6.3, which states, in part, that the motion shall "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3.[1]

---

[1]    The Leopold Museum also writes, without explanation, that it is moving for reconsideration pursuant to Federal Rules of Civil Procedure 54(b) and 60. Neither rule applies here. Rule 54(b) generally may not be used to challenge a prior decision "unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent a manifest injustice." *Official Comm. of Unsecured Creditors of Color Tile Inc., v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citation and internal quotation marks omitted). The Leopold Museum has not identified any of these circumstances. Rule 60(b) is limited to a review of final decisions and, therefore, does not apply to the denial of a summary judgment motion. *E.g.*, *Kapco Mfg. Co., Inc. v. C & O Enters., Inc.*, 773 F.2d 151, 154 (7th Cir. 1985) (Rule 60(b) must be limited to review of final decisions because "[a] party should not get immediate review of an order for discovery, or one denying summary judgment and setting the case for trial, just by filing a Rule 60(b) motion to set aside the order and then appealing the denial of this motion"); *Alvarez v. American Airlines, Inc.*, No. 98 Civ. 1027 (MBM), 2000 WL 145746, at *1 (S.D.N.Y. Feb. 8, 2000) (decision granting in part, and denying in part, defendant's motion for summary judgment is an interlocutory, not final order, and thus, Rule 60(b) is inapplicable).

Motions for reconsideration under Local Civil Rule 6.3 are evaluated under the same strict standard that applies to motions for reconsideration under Federal Rule of Civil Procedure 59(e). *E.g.*, *Employers Ins. of Wausau v. News Corp.*, No. 06 Civ. 1602 (MBM), 2006 WL 2564394, at *1 (S.D.N.Y. Sept. 5, 2006). To prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Eon Labs, Inc. v. Pfizer Inc.*, No. 05 Civ. 0002 (LAP), 2005 WL 2848952, at *1 (S.D.N.Y. Oct. 28, 2005); *Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004). Thus, new arguments may not be raised on a motion for reconsideration. *E.g.*, *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.") (citation and quotation marks omitted).

In this Circuit, the standard of review applicable to motions for reconsideration is "strict, and reconsideration will generally be denied . . ." *Shrader*, 70 F.3d at 257. The standard is strict because reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla.1996)). As one decision has recently summarized:

> A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment.

*Stephens v. Shuttle Assocs., L.L.C.*, 547 F. Supp. 2d 269, 280 (S.D.N.Y. 2008).  "[A] motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved."  *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007) (internal quotation marks omitted); *see In re World Trade Ctr. Disaster Site Litig.*, No. 21 MC 100 (AKH),  2008 WL 2704317, at *1 (S.D.N.Y. July 10, 2008) ("A motion for reconsideration does not provide the parties with an opportunity to reargue issues that have already been decided just because a party is displeased with the original outcome.").

II.     **The Leopold Museum Fails to Identify Any Controlling Decisions or Factual Matters That the Court Overlooked in Ruling That Dr. Leopold's Knowledge Should Be Imputed to the Leopold Museum**

The Leopold Museum argues that this Court erred in treating as law of the case the following holding by Judge Mukasey in *Wally III*: "that Dr. Leopold's knowledge can be imputed to the Leopold Foundation by reason of his having been the Museological Director at all relevant times." (LM Br. at 2).[2]

According to the Leopold Museum, this Court misconstrued Judge Mukasey's holding, contending that he merely treated imputation as a fact presumed to be true for purposes of the dismissal motion.  (*See* LM Br. at 2-3).  The Leopold Museum is incorrect.  Judge Mukasey held that based upon the fact that Dr. Leopold was at all relevant times the Museological Director of the Museum, his knowledge can be imputed to the Museum as a matter of law.  Because this fact—that

---

[2]     *Wally I* refers to *United States v. Portrait of Wally*, 105 F. Supp. 2d 288, 290 (S.D.N.Y. 2000).  *Wally II* refers to *United States v. Portrait of Wally*, No. 99 Civ. 9940, 2000 WL 1890403, at *1 (S.D.N.Y. Dec. 28, 2000).  *Wally III* refers to *United States v. Portrait of Wally*, No. 99 Civ. 9940 (MBM), 2002 WL 553532, at *33 (S.D.N.Y. Apr. 12, 2002).

Dr. Leopold was the Museological Director for Life—was and remains undisputed, this Court properly held in the 2009 Opinion that Judge Mukasey's legal conclusion is the law of this case.

Even if the Court grants the motion for reconsideration, it should adhere to its original decision. For the reasons explained in the Government's and the Estate's summary judgment papers, Dr. Leopold's knowledge of *Wally*'s character as stolen or converted property should be imputed to the Museum. (Joint Opp. Br. at 44-47; Joint SJ Br. at 15).[3]

Accordingly, the motion for reconsideration of the Court's ruling on imputation should be denied or, upon reconsideration, the Court should adhere to its original decision.

## III.   The Leopold Museum Fails to Identify Any Controlling Decisions or Factual Matters That the Court Overlooked in Ruling on the Recovery Doctrine

Notwithstanding the 2009 Opinion's detailed discussion of the recovery doctrine (2009 Opinion at *23-24), or the Court's willingness to allow a discussion of this issue at oral argument despite the fact that the parties had "briefed [the topic] to within an inch of its life" (Oral Arg. Tr. 100), the Leopold Museum now argues that the Court overlooked certain evidence and decisions of law. Its arguments are frivolous.

Claimant first argues that the Court overlooked certain evidence that purportedly shows that the United States Forces in Austria conducted restitution to individual owners. In particular, the Leopold Museum argues that the Court overlooked: (1) a single sentence in the publication, *The Rehabilitation of Austria*, (2) a letter from Lt. Col. Gunn to Welz, and (3) the report by Evelyn Tucker. However, the Leopold Museum explicitly discussed all of these documents at oral

---

[3]      "Joint SJ Br." denotes the Government's and the Estate's amended memorandum of law in support of their joint motion for summary judgment, dated February 26, 2009. "Joint Opp. Br." denotes the Government's and the Estate's joint brief, dated March 26, 2009, in opposition to the Leopold Museum's motion for summary judgment.

argument, and the Court rejected the Museum's interpretation of this evidence. *See* Oral Arg. Tr. 105 (letter from Gunn to Welz); 106 (Evelyn Tucker report); 106-07 (*The Rehabilitation of Austria*). At oral argument, the Government explained that these documents merely refer to restitution to claimant countries, not to individuals. The Court implicitly agreed, commenting that the property went to the BDA. (Oral Arg. Tr. 105). The Court again rejected the Leopold Museum's interpretation of this evidence in its written decision, holding that "there is no evidence that either [the United States Forces or the BDA] was under a legally enforceable duty to return the Painting to Bondi." 2009 Opinion at *24.

Even if the Court concludes that it overlooked this evidence and that reconsideration is proper, the Court should adhere to its decision upon reconsideration. As explained in the Government's and the Estate's opposition papers, the United States Forces restituted property to claimant countries, not to individuals, and the evidence cited by the Leopold Museum merely corroborates this well-established historical fact. (*See* Joint Opp. Br. 6-11). United States interests were served by returning artworks to owner nations because guarding such property was a drain on resources, and the United States Forces had many other issues to address. (*Id.* at 7). The facts in this case provide a clear example of this practice: despite receiving notice from the Rieger heirs of their ownership claim to certain artworks, the United States Forces did not investigate the merits of that ownership claim or return the artworks to the Rieger heirs; instead, the United States Forces returned the artworks to the BDA.

The Leopold Museum also argues that the Court overlooked Judge Mukasey's purported ruling, in *Wally I*, that the recovery doctrine apples whenever goods are recovered by "anyone who has a right to possession or control over them." (LM Br. at 10). However, by selective quotation,

5

the Leopold Museum has misstated Judge Mukasey's decision, overlooking Judge Mukasey's repeated emphasis, in both *Wally I* and *Wally III*, that the recovery doctrine depends upon the existence of an agency relationship. *See Wally I*, 105 F. Supp. 2d at 293 ("Under the logic of the Second Circuit's approach, the doctrine is not triggered by recovery of a stolen item only by the police, but rather by recovery of a stolen item 'by the[ ] owner or his agent, including the police.' . . . Therefore, the dispositive question is not whether the U.S. Forces' recovery of the painting should be characterized as a recovery by law enforcement officials. Rather, the question is whether the U.S. Forces' recovery of the painting was a recovery by an agent of the painting's true owner.") (quoting *United States v. Muzii*, 676 F.2d 919, 923 (2d Cir.1982)); *Wally III*, 2002 WL 553532, at *14 ("As the *Wally I* holding makes clear, the doctrine 'is rooted in agency principles' and applies only where an agency relationship can be said to exist. *Wally I*, at 293; *see also Muzii*, 676 F.2d at 923. When stolen goods are recovered by law enforcement officers, typically the police, 'the law implies a principal-agent relationship between the true owner and the government officials who recover it, ... who are deemed to act on her behalf because they are charged by law with doing so.' *Wally I*, at 293."). In the 2009 Opinion, the Court acknowledged and followed this law of the case. 2009 Opinion at *22.

Accordingly, the motion for reconsideration of the Court's ruling on the recovery doctrine should be denied.

## IV.    Certification For Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) Is Not Warranted

Section 1292(b) authorizes a district court to certify an order, not otherwise appealable, for appeal when "such order involves a controlling *question of law* as to which there is substantial

ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." (emphasis added). Here, the Leopold Museum states in conclusory fashion and without explanation that an interlocutory appeal is warranted, but it fails to identify any controlling issues of law for which there is a "substantial ground for difference of opinion" and whose resolution will materially advance the litigation. As we have shown, the Court's decisions on the issues raised by the Museum on this motion were well-grounded on settled law and are not subject to any reasonable difference of opinion. Certification is therefore unwarranted, especially where, as here, issues of material fact remain to be tried. *See Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("Where . . . the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court."); *see also Zakrzewska v. The New Sch.*, 598 F. Supp. 2d 426, 437 (S.D.N.Y. 2009) ("Interlocutory appeals of course should not be certified whenever the statutory prerequisites are satisfied. Our Circuit is sufficiently burdened with appeals from final judgments as to make the consideration of interlocutory appeals undesirable in the vast majority of circumstances.").

## **CONCLUSION**

Because the Leopold Museum fails to present any controlling decisions or evidence that the Court overlooked or that would compel a different result, the motion for reconsideration should be denied.

Dated: New York, New York
        November 6, 2009

Respectfully submitted,

PREET BHARARA                          HERRICK, FEINSTEIN LLP
United States Attorney for the
Southern District of New York

By:  _____/s/_____        By:  _____/s/_____
     Sharon Cohen Levin                    Howard N. Spiegler
     Sharon.Levin@usdoj.gov                hspiegler@herrick.com

     Barbara A. Ward                       Mari-Claudia Jiménez
     Barbara.Ward@usdoj.gov                mjimenez@herrick.com

     Anna E. Arreola                       *Attorneys for Claimant*
     Anna.Arreola@usdoj.gov                *Estate of Lea Bondi Jaray*

*Assistant United States Attorneys*

8